PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her 1996 Chevrolet Monte Carlo struck a hole on the berm while she was traveling on Brounland Road in Kanawha County. Brounland Road is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully set forth below.
The incident giving rise to this claim occurred at approximately 2:50 p.m. on *105 June 20,2007. Brounland Road is a narrow, two-lane paved road that has a posted speed limit of thirty-five miles per hour. Claimant was traveling at a speed of twenty-five miles per hour when she noticed an oncoming vehicle traveling in the opposite direction. To provide greater distance between her vehicle and the oncoming vehicle, claimant maneuvered her vehicle to the right portion of her lane where her vehicle struck a hole on the berm. Claimant stated that she traveled on this road everyday, and had noticed the missing piece of pavement on prior occasions. However, at the time of the incident, she was unable to avoid the hole because of the presence of the oncoming vehicle. Claimant further stated that the road is not wide enough for two cars to pass. As a result, claimant sustained damage to the passenger’s side front tire and the rim totaling $766.42, and claimant did not have insurance coverage for her loss.
The position of the respondent is that it did not have notice of the hole in question on Brounland Road. Respondent did not call any witnesses.
It is a well-established principle that the State is neither an insurer nor a guarantor of the safety of motorists upon its highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). To hold respondent liable, claimant must establish by a preponderance of the evidence that respondent had actual or constructive notice of the road defect at issue and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways, 16 Ct. Cl. 103 (1986); Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the hole that claimant’s vehicle struck and that the hole presented a hazard to the traveling public on Brounland Road. The size of the hole and the time of year in which this incident occurred leads the Court to conclude that respondent had notice of this hazardous condition and had adequate time to take corrective action. Thus, there is sufficient evidence of negligence to base an award. However, the Court is also of the opinion that claimant was negligent in her operation of the vehicle. Claimant was aware that there were holes on Brounland Road. In addition, she should have seen the oncoming vehicle before her vehicle struck the hole. In a comparative negligence jurisdiction, such as West Virginia, the negligence of a claimant may reduce or bar recovery in a claim. The Court concludes that the claimant was twenty percent (20%) negligent. Since the negligence of claimant is not greater than or equal to the negligence of respondent, claimant may recover eighty percent (80%) of the loss sustained.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to claimant in the amount of $613.14.
Award of $613.14.